IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


JANICE LYNN KING,

                Plaintiff,

      Vs.                               No. 06-4001-SAC

SHERRI KELLER, AMANDA
SMITH-WILSON, SUSANNA
VAN GELDER COXE, STEVE
PHILLIPS, DAVID R. COOPER,
and JOHN DOE #1, et al.,

                Defendants.

MEMORANDUM AND ORDER

      The case comes before the court on the defendant Susanna VanGelder Coxe's motion to dismiss or, in the alternative, for judgment on the pleadings (Dk. 10);  the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6) and 28 U.S.C. § 1915(e)(2)(B)(i) brought by the defendants Sherri Keller, Amanda Smith-Wilson and Steve Phillips (Dk. 23); the defendant David R. Cooper's motion to dismiss pursuant to Fed. R. Civ. P.  12(b)(6) and pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) (Dk. 33); the motion for sanctions pursuant to Fed. R. Civ. P.  11 filed by the defendants Sherri Keller, Amanda Smith-Wilson and Steve Phillips (Dk. 26), and the plaintiff's request for preliminary injunction (Dk. 37).  The plaintiff filed responses to each of these motions, and all the motions are ripe for decision.

By leave of the court, the plaintiff filed this action without payment of fees, costs or security, and no attorney admitted to this bar has entered an appearance on behalf of the plaintiff.  The plaintiff's original complaint consists of thirty-two pages and nine counts.  The allegations arise from and are all related to the plaintiff's involvement in family court proceedings in Shawnee County, Kansas, and, in particular, her ongoing disputes with court officers, litigants, and attorneys over ongoing child custody matters.

**PLAINTIFF'S COMPLAINT and AMENDMENT TO COMPLAINT**

The original complaint rambles on for thirty-seven pages staking claims under disparate and disconnected legal theories, calling out largely unintelligible directions for federal jurisdiction, while never really leaving the local borough of family court proceedings.  The core factual allegations are found in ¶¶ 18 to 44, all of which accuse the defendants of conducting themselves and conspiring with each other so as to influence and obstruct proceedings in Case No. 99D2559 in the District Court of Shawnee County Court, Kansas, to the detriment of the plaintiff's children and her custody of them.  Looking past the vitriolic and personal attacks, the plaintiff's allegations include such cursory and desultory charges as the defendant court service officers were biased against the plaintiff; the defendants failed to enforce child support obligation payments due from the

2

plaintiff's ex-husband; the defendants promoted and caused her children to alienate

her; the defendants promoted child abuse, caused involuntary servitude, and

created "judicial kidnapping" when the court changed the residence of her youngest

child; the defendants perjured themselves and defrauded the family court resulting

in this change of residence order; the family court abridged her constitutional and

statutory rights through these proceedings and by its ruling; and the defendants

conspired with her ex-husband to violate her visitation rights by changing the

visitation arrangement without court approval.  The plaintiff's pleadings date the

events as early as June of 2003 and as late as December of 2005.  On the weight of

these allegations concerning her involvement and interaction with the family court,

its officers and opposing attorneys, the plaintiff claims relief and federal jurisdiction

under these various federal statutes:  False Claims Act (31 U.S.C. §  3729(a)(1) and

(2)), federal criminal statutes (18 U.S.C. §§ 2, 4, 241, and 1091), federal involuntary

servitude statutes (18 U.S.C. §§ 1581, 1583 and 1584), Racketeer Influenced and

Corrupt Organizations ("RICO") Act (18 U.S.C. § 1961), Child Abuse Reporting

(42 U.S.C. §  13031), and "Hate Crimes" (42 U.S.C. §§ 1981, 1982, 1983, and

1985(3)).  The plaintiff further claims she is entitled to relief as a relator under these

different theories alleging her personal experiences are simply examples of the

practices endemic to the "state family court industry" in violation of the rights of

children and lower income families.

The plaintiff amended her complaint adding the defendant, David R. Cooper, to each of the courts with the same allegation: "Defendant Cooper's poor attempt to intimidate King with the attached document, and attempts to use King's affiliation with the Price's (sic) as a bargaining tool to discourage this action from proceeding in retaliation against the process server of *Price v. McFarland* 04-4058-RDR in the US District Court for the District of Kansas." (Dk. 21, pp. 2-3). The plaintiff attaches to her amendment the defendant Cooper's letter written pursuant to Fed. R. Civ. P. 11 and its enclosure consisting of a motion for sanctions and supporting memorandum. *Id.*

**STANDARDS GOVERNING DISPOSITIVE MOTIONS**

A court's subject matter jurisdiction is its statutory or constitutional authority to adjudicate a given kind of case. *Radil v. Sanborn Western Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). The party asserting federal jurisdiction bears the burden of proving this threshold jurisdiction. *Marcus v. Kansas Dept. of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999). Attacks on subject matter jurisdiction are typically either facial attacks on the sufficiency of jurisdictional allegations or factual attacks on the accuracy of those allegations. *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995). A facial attack questions the

4

sufficiency of the allegations in the complaint as they relate to subject matter jurisdiction. *See Holt*, 46 F.3d at 1002.  In reviewing a facial attack on the complaint, the court must accept all allegations in the complaint as true. *Id*. The defendants here lodge a facial attack to the sufficiency of the jurisdictional allegations.  A court lacking subject matter jurisdiction must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.), *cert. denied*, 516 U.S. 863 (1995).

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A Rule 12(b)(6) motion to dismiss may be granted only if it appears beyond a doubt that the plaintiff is unable to prove any set of facts entitling her to relief under her theory of recovery.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  A court judges the sufficiency of the complaint accepting as true all well-pleaded facts, as distinguished from conclusory allegations.  *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998).  These deferential rules, however, do not allow the court to assume that a plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated General Contractors v. California State Council of Carpenters*, 449 U.S. 519, 526 (1983) (footnote

5

omitted).

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Even so, a pro se litigant is not exempt from following the same rules of procedure as any other litigant. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992), *cert. denied*, 507 U.S. 940 (1993). "At the same time, we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d at 1110. Nor is the court to "supply additional factual allegations to round out a plaintiff's complaint." *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

## DEFENDANTS

The defendant Susanna VanGelder Coxe is a private attorney who has represented the plaintiff's ex-husband in the underlying state family court matters. The defendant David R. Cooper is a private attorney who represents in this action the defendants Sherri Keller, Amanda Smith-Wilson, and Steve Phillips. The defendants Keller and Smith-Wilson are court services officers who during the relevant times period have served as case managers for the domestic and family courts of Shawnee County, Kansas. The defendant Phillips is an attorney with the

6

Kansas Attorney General's Office who filed a motion to quash subpoenas in the underlying family court proceedings.

Rather than separately address each defendant's dispositive motion and repeat the analysis on the numerous arguments common to them, the court will discuss the motions as a group and organize its analysis around the plaintiff's purported federal claims for relief.

## COUNT ONE:  FALSE CLAIMS ACT (31 U.S.C. §  3730(b))

The plaintiff's complaint cites to this act and seeks to recover based on the damages sustained by the United States of America.  In almost every count, the plaintiff pleads for the same relief:  (1) an order enjoining the defendants from violating the False Claims Act; (2) compensatory damages equal to three times the damages that the United States sustained from the defendants' false statements; (3) the plaintiff's reasonable fees, costs and expenses in prosecuting this action; (4) a statutory percentage of the government's recovery; and (5) such other relief as the court deems proper.  From reading the plaintiff's memoranda and the style of her complaint, the court understands that the plaintiff's intentions, however, are to bring an action not on behalf of the United States Government but on behalf of the People of the State of Kansas for the injustices done by this "state family court industry" and for all levels of public spending directed towards the related

7

governmental programs.  This federal act does not accommodate the plaintiff's unique action as she has intended it.  Nor has the plaintiff complied with the procedural requirements for an action under this act.

The False Claims Act ("FCA") "is to enhance the Government's ability to recover losses sustained as a result of fraud against the Government."  S. Rep. No. 99-345, at 1 (1986), *reprinted in* 1986 U.S.C.C.A.N. 5266, 5266.  "It empowers a private individual (a relator) to bring a civil claim on his or her own behalf, and on behalf of the Government, against a person or company who knowingly presents a false claim to the Government for payment."  *Ridenour v. Kaiser-Hill Co., L.L.C.*, 397 F.3d 925 (10th Cir.) (citing 31 U.S.C. §§ 3729(1), 3730(a) and (b)(1)), *cert. denied*, 126 S. Ct. 341 (2005).  The FCA prescribes the procedures for such an action beginning with, "[t]he action shall be brought in the name of the Government."  31 U.S.C. §  3730(b)(1).  "After the relator files, the complaint remains under seal for at least sixty days, plus any extensions, during which time the Government has the opportunity to investigate the claim and determine whether it wants to intervene.  § 3730(b)(2) and (3)."  *Ridenour*, 397 F.3d at 932.

The plaintiff's complaint plainly fails to allege compliance with these required procedures.  Though opposing the relief sought in the defendants'

8

motions, the plaintiff does not assert that she has complied or will comply with the procedural requirements of this federal act.  The so-called fraud allegations in the plaintiff's complaint lack the particularity demanded by Fed. R. Civ. P.  9(b).  A fair reading of the complaint does not inform a reader of the time, place and contents of any false representations or the identities of the persons involved in the making of these false representations.  The plaintiff's complaint is bereft of allegations concerning the types, amounts and dates of any fraudulent demands made to the federal government or of any resulting payments fraudulently received from the federal government.  Nor does the complaint spell out how or why the defendants are not entitled to the federal government money allegedly given them in relation to this case.  In short, the plaintiff has not properly alleged any claim under the False Claims Act.  The record does not give any reason to think that the plaintiff could meet all of these pleading requirements if given another chance.

**COUNT TWO:  OBSTRUCTION OF JUSTICE 42 U.S.C. § 1985**

In this count, the plaintiff alleges that the defendants conspired to obstruct certain domestic court proceedings in the summer of 2003 and in the spring and summer of 2005.  The plaintiff summarily alleges that in 2003 the defendants conspired in some way with the plaintiff's ex-husband and her oldest minor child to change the residential custody of this minor child.  The result is what

the plaintiff hyperbolically alleges to be parental abduction of a minor child,

kidnaping, the promotion of parental alienation and the promotion of hate crimes.

The plaintiff also includes the disjointed accusation that the defendants further

failed to enforce the child support obligation laws against her ex-husband during

these same proceedings.  The plaintiff further alleges that in April and May of 2005

she issued subpoenas to expose a court biased as a result of the defendants'

conspiracy and ex parte contacts, but the court quashed her subpoenas.  The

plaintiff alleges that in the summer of 2005 the defendants "caused" the state court

to give residential custody of both children to her ex-spouse resulting in the

"promotion of child abuse," the "involuntary servitude of a minor child," "judicial

kidnaping," and the violation of the Kansas Protection from Abuse Act.  The

plaintiff summarily accuses the defendants of committing libel, slander, fraud and

perjury upon the court, but she does not allege any particular representations or

facts with regard to this accusation.  The plaintiff alleges the "defendants and their

accomplices" in some unexplained way "caused" the denial of her right to present

evidence or speak at the "Show Cause Hearing."  She further accuses the

defendants of presenting hearsay evidence over her objection, of disregarding all

rules of the court, and of engaging in ex parte communications.  Finally, the plaintiff

refers to a case manager's recommendation that established a new set of visitation

10

rules over the holiday period.

The defendants argue for dismissal because the plaintiff has not alleged any racial or class-based discriminatory animus on this claim under 42 U.S.C. § 1985.  The plaintiff merely denies any such pleading requirement or other limitation for an action under this federal statute.  The plaintiff does not offer any citation of authority for her position and does not identify either in her complaint or memorandum that paragraph and clause of § 1985 under which her count two claims arise.

Section 1985(3) "does not 'apply to all tortious, conspiratorial interferences with the rights of others ,' but rather, only to conspiracies motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'" *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)), *cert. denied*, 510 U.S. 1093 (1994).  A § 1985(3) claim lacking an allegation of "class-based or racial discriminatory animus" must fail.  *Bisbee v. Bey*, 39 F.3d 1096, 1102 (10th Cir. 1994), *cert. denied*, 515 U.S. 1142 (1995).  "'In order to support a section 1985(3) claim, the plaintiff must be a member of a statutorily protected class, and the actions taken by defendant must stem from plaintiff's membership in the class.'" *Ellibee v. Hazlett*, 122 Fed. Appx. 932, 935, 2004 WL 2850097 at *2 (10th Cir. 2004) (quoting

11

*Silkwood v. Kerr-McGee Corp.*, 637 F.2d 743, 746 (10th Cir. 1980), *cert. denied*, 454 U.S. 833 (1981)), *cert. denied*, 544 U.S. 1040 (2005).  The second clause of 42 U.S.C. § 1985(2) recognizes an action for persons conspiring to obstruct justice in state proceedings, and this conspiracy must be class-based like an action under § 1983(3).  *Steinert v. Winn Group, Inc.*, 440 F.3d 1214, 1225 n.13 (10th Cir. 2006) (citing *Kush v. Rutledge*, 460 U.S. 719, 726 (1983) (as "recognizing that § 1985(2) proscribes conspiracies to interfere with the due course of justice in any state because of 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus' and conspiracies to interfere with federal proceedings"); *Wakeland v. Montano*, 203 F.3d 836, 2000 WL 94006, at *3 (10th Cir. 2000) (Table) ("the district court properly rejected plaintiff's claim for "invidious discrimination" under the second part of § 1985(2) because plaintiff failed to allege any racial or class-based discrimination." (citations omitted)).

The plaintiff's claim does not even remotely allege a conspiracy animated by invidious discrimination based on race or another statutorily-protected class.  The plaintiff does not allege that she is a member of any such protected class and that the actions claimed to have been taken against her are a result of her membership.  The plaintiff offers no authority for the notion that parents of a particular economic class with children subject to a state court's custody orders

and supervision constitute a protected class.  *See Steinert v. Winn Group, Inc.*, 440 F.3d at 1225 n.13 (citing *United Bhd. of Carpenters & Joiners of Am. v. Scott*, 463 U.S. 825, 837 (1983) as having "observ[ed] that § 1985(3) was not intended 'to reach conspiracies motivated by bias towards others on account of their economic views, status, or activities'").  A protected class must mean something more than the losing party in a child custody dispute, for creative definitions of a class could convert this statute into general federal tort law.  *See Francisco v. Long*, 132 F.3d 42, 1997 WL 796481, at *2 (10th Cir. 1997) (Table).  Nor has the plaintiff effectively alleged that the conspiracy here was motivated by a discriminatory animus against such a class.  The record does not suggest that if given another chance the plaintiff would be able to plead a viable § 1985 claim.

**COUNTS THREE, FIVE, SIX AND SEVEN ALLEGING VIOLATIONS OF CRIMINAL STATUTES**

The plaintiff in count three alleges federal jurisdiction pursuant to 18 U.S.C. §§ 2 and 4 on claims that the defendants failed to apply Kansas laws uniformly, violated Kansas laws, violated the plaintiff's Fourteenth Amendment rights to parent her children, and violated several provisions of the Kansas Code of Judicial Conduct.  Count five lays out a claim that the defendants willfully violated 18 U.S.C. § 2 in aiding and abetting the plaintiff's ex-spouse in certain conduct

13

previously alleged.  In count six, the plaintiff cites three statutes criminalizing

peonage, slavery, and involuntary servitude--18 U.S.C. §§ 1581, 1583, and 1584--

and one statute establishing the criminal offense of conspiring against federal

constitutional or statutory rights of another, 18 U.S.C. §  241.  The plaintiff alleges

in count seven a violation of the criminal offense of genocide, 18 U.S.C. §  1091, in

that the defendants acting on the specific intent to destroy thereby harmed lower-

income families through their state family court industry.  In each count, the plaintiff

prays for relief under the False Claims Act.

The general rule is that "private citizens cannot prosecute criminal

actions."  *Mamer v. Collie Club of America, Inc.*, 229 F.3d 1164, 2000 WL

1114237 at *2 (10th Cir. 2000) (Table) (citing *Higgins v. Neal*, 52 F.3d 337, 1995

WL 216920 at *1 (10th Cir. Apr. 12, 1995) (Table) (stating that "[b]ecause allowing

private citizens to initiate prosecutions would undermine prosecutorial discretion

and the authority of federal prosecutors, we conclude [the defendant] lacks

standing to maintain this criminal action"); *see Newcomb v. Ingle*, 827 F.2d 675,

677 n. 1 (10th Cir. 1987) (noting 18 U.S.C. § 241 does not authorize a private right

of action); *see generally Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (holding

that private citizens cannot compel enforcement of criminal law).  The plaintiff's

blanket response is that she construes all of these criminal statutes to offer civil

remedies, but she offers no authority nor reasoning in support of her reading.  "A criminal statute may provide an implied private right of action if Congress so intended in enacting the criminal statute." *Wisdom v. First Midwest Bank of Poplar Bluff*, 167 F.3d 402, 407 (8th Cir. 1999) (citing *Thompson v. Thompson*, 484 U.S. 174, 179 (1988) (as "holding that a private remedy will not be implied unless legislative intent can be inferred from statutory language or elsewhere").  The plaintiff presents no authority finding an implied private of action in any of the cited criminal statutes.  The statutes are singularly criminal in nature and offer nothing from which to infer an available civil remedy.  "[T]he Supreme Court has cautioned against entertaining private causes of action based on 'a bare criminal statute, with absolutely no indication that civil enforcement of any kind was available to anyone.'"  *Winslow v. Romer*, 759 F. Supp. 670, 674 (D. Colo. 1991) (quoting *Korenyi v. Department of Sanitation of New York*, 699 F. Supp. 388, 397 (E.D.N.Y. 1988) (and quoting in turn *Cort v. Ash*, 422 U.S. 66, 80 (1975)).  The plaintiff has not shown that these criminal statutes provide independent bases for causes of action.  These counts are dismissed.

**COUNT FOUR:  RACKETEERING 18 U.S.C. §  1961**

While the plaintiff captions Count Four as "racketeering" and cites a statute, 18 U.S.C. §  1961, that is part of the Racketeer Influenced and Corrupt

Organizations Act ("RICO"), the plaintiff's allegations do not describe a viable cause of action under the cited RICO statutes against the named defendants.  In their motions, the defendants argue the obvious shortcomings in the plaintiff's pleading of a RICO claim.[1]  The plaintiff responds that she is not bringing an action under RICO but an action for racketeering that only "is in RICO fashion."  (Dk. 28, p. 2).  By her response, the plaintiff may have averted the pleading requirements and legal elements for a RICO action, but she also has failed to explain the legal basis for this count and the court's jurisdiction of it.  It is not the court's responsibility to fashion claims and legal theories for a *pro se* plaintiff.  The court dismisses this claim for failure to state a claim on which this court has jurisdiction and upon which relief could be granted in this court.

## COUNT VIII:  CHILD ABUSE REPORTING 42 U.S.C. § 13031

The plaintiff alleges in this count that the defendants abused their authority under this Act in order "to stalk lower income families and prey upon their lack of financial standing to seize their children as the natural resource of the state created industry any reasonable person calls 'state family court.'"  (Dk. 1, ¶ 65).  The defendants move to dismiss this count arguing that the Act is inapplicable and

---

[1]The complaint fails to allege a pattern of racketeering activity or an injury to business or property recoverable under RICO.

offers no remedy to the plaintiff and that the plaintiff has not alleged a violation of the Act and is not proper party to bring such a claim.  As with her RICO count, the plaintiff says she is not bringing a claim for relief under this Act but is merely alleging the defendants are abusing their authority under this Act as a weapon against her.  Based on the plaintiff's concession that count eight does not assert a separate claim for relief with its own legal theory for recovery, the court dismisses count eight for failure to state a claim upon which relief can be granted.

**COUNT NINE:  PROMOTION OF HATE CRIMES  42 U.S.C. §§ 1981, 1982, 1983 AND 1985(3).**

Besides incorporating her other allegations, the plaintiff here alleges the defendants "willfully promote hate crimes of former relationships" through their respective roles in the "state family court industry," including their failure to have local law enforcement agencies enforce court orders, "failure to address emotional, verbal and mental abuse," "failure to reunite families," and failure to apply law equally in state family court actions.  The defendants seek dismissal arguing that the plaintiff has not alleged the required racial bias or animus for actions under § 1981, 1982 and 1985(3) and that the plaintiff's claim under § 1983 is a "mystery" subject to the *Rooker-Feldman* doctrine and different immunity barriers and flawed in its pleading.

The court has ruled above that the plaintiff has not alleged racial or otherwise class-based invidious discriminatory animus as to sustain an action under 42 U.S.C. § 1985(3).  Allegations of intentional discrimination against a protected group based on racial animus are required for actions under 42 U.S.C. §§ 1981 and 1982.  *Brooks v. Sauceda*, 242 F.3d 387, 2000 WL 1730892, *2 (10th Cir. 2000) (Table); *see, e.g., Saint Francis College v. Al-Khazraji*, 481 U.S. 604, 609-10 (1987) (construing § 1981); *Shaare Tefila Congregation v. Cobb*, 481 U.S. 615, 616 (1987) (construing § 1982).  Finding none in the plaintiff's complaint, the plaintiff has failed to allege a claim for relief under these three statutory provisions.

The court shares the defendants' confusion over what the plaintiff is alleging as her claim for relief in count nine under 42 U.S.C. § 1983.  The plaintiff alleges that the "defendants willfully promote hate crimes of former relationships . . . by" essentially carrying out or not carrying out their official duties under state law.  The plaintiff further alleges the defendants "willfully violate the victims' constitutional protected rights . . ., as the state and their agents shop for quality resources within its borders, namely the minor children of the state."  In her prayer for relief on count nine, the plaintiff repeats her claims for relief under the False Claims Act and adds:

King seeks that the Relator and minor child MEZ be granted a PFA and

18

TRO from the participants of this action in the manner of which that the
Defendants are temporarily restrained from the action of repeatedly and
willfully violating the Kansas Protection From Abuse Act, thereby placing the
Relator and minor child in imminent danger, with the minor child in the sole
care, control and custody of the Relator (King) as defined by Kansas statute.

(Dk. 1, p. 31).

"[T]o survive a Rule 12(b)(6) motion to dismiss a § 1983 claim, a
plaintiff must allege '(1) a violation of rights protected by the federal Constitution
or created by federal statute or regulation, (2) proximately caused (3) by the
conduct of a "person" (4) who acted under color of any statute, ordinance,
regulation, custom[,] or usage, of any State or Territory or the District of
Columbia.'"  *Beedle v. Wilson*, 422 F.3d 1059, 1064 (10th Cir. 2005) (quoting
*Summum v. City of Ogden*, 297 F.3d 995, 1000 (10th Cir. 2002)).  The conclusory
allegations found in count nine do not satisfy this standard.  They fail to specify the
constitutional rights purportedly violated and further offer no factual allegations of
how the defendants violated those rights.  Even looking back over the prior 65
paragraphs of allegations incorporated by reference in count nine, the court is
convinced that the plaintiff has failed to state a claim for relief under § 1983 against
the named defendants.

References to state laws like the Kansas Protection from Abuse Act or
requirements thereunder complemented with allegations that those state laws and

requirements were violated does not state a viable § 1983 action.  *Stanko v. Maher*,

419 F.3d 1107, 1117 (10th Cir. 2005).  The plaintiff does allege generally that the

defendants interfered with her parental rights, and there is no question that parents

have a fundamental liberty interest in the care, custody and control of their children.

*See Troxel v. Granville*, 530 U.S. 57, 65-66 (2000).  What the complaint fails to

allege with the requisite detail is what each defendant allegedly did to violate her

constitutional rights.

As for the defendants, Susanna VanGelder Coxe and David Cooper,

both are attorneys engaged in the private practice of law, and the plaintiff has not

alleged facts from which one could find that in their legal representation of the

opposing sides they violated her parental rights and were acting under color of state

law when they did so.[2]  *See Zhu v. Fisher, Cavanaugh, Smith and Lemon, P.A.*,

---

[2]The Tenth Circuit recently summarized the relevant law:
"The conduct of an attorney acting in his professional capacity while
representing his client does not constitute action under color of state law for
the purposes of § 1983."  *Goetz v. Windsor Cent. School Dist.*, 593 F.
Supp. 526, 528 (N.D.N.Y. 1984).  Likewise, when a plaintiff attempts to
assert the state action required for a § 1983 claim against private actors
based on a conspiracy with government actors, "mere conclusory allegations
with no supporting factual averments are insufficient."  *Sooner Prods. Co. v.
McBride*, 708 F.2d 510, 512 (10th Cir. 1983).  Rather, the plaintiff must
specifically plead "facts tending to show agreement and concerted action."
*Id*.

*Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005).  The plaintiff's complaint

151 F. Supp. 2d 1254, 1258-59 (D. Kan. 2001).  The defendant Steve Phillips is employed by the Kansas Attorney General's Office, and the plaintiff's only specific allegation against Phillips is that he filed a motion to quash the subpoenas the plaintiff had served on the court personnel participating in the state family court proceeding.  The plaintiff does not articulate her constitutional right violated by the defendant Phillips, nor does she allege the necessary facts from which one could find that Phillips' representation of the court personnel in opposing the plaintiff's subpoenas thereby violated any of her constitutional rights.

Much of the same can be said for the plaintiff's allegations against the defendants Keller and Smith-Wilson.  The plaintiff complains about the family court rulings and proceedings, alleges her conclusions and opinions about those matters, and accuses these defendant court service officers of being biased against her and giving recommendations that favored her ex-spouse over her.  While the state court rulings necessarily impacted her parental rights, the plaintiff does not allege facts showing what these defendants wrongfully did to violate her parental rights, apart from the legal performance of their official duties and the lawful exercise of their discretion thereunder in advising the court, serving as case managers and testifying

---

purports to allege a conspiracy, but the allegations are conclusory and devoid of facts tending to prove an agreement and concerted action.

21

at hearings.  A parent's right to control the care and custody of her children does

not include the constitutional right to be free from a state family court's ongoing

exercise of jurisdiction over custody disputes or from a court services officer's

performance of her legal duties.  Conclusory allegations of malfeasance against an

entire state family court system based largely on creative characterizations of the

harm resulting from adverse court rulings do not present a viable § 1983 claim.

Even assuming the court could liberally construe one or more of the

plaintiff's allegations to state a § 1983 claim, the plaintiff limits her prayer for

monetary relief under § 1983 to that available under the False Claims Act for which

she is unable to state a claim.  She also includes a prayer for declaratory and

injunctive relief seeking to restrain the defendants from violating Kansas law and to

restore sole custody of the minor child to her.  The defendants argue the district

court is without jurisdiction to grant this relief, and the court concurs.

The *Rooker-Feldman* doctrine is a jurisdictional bar based on 28

U.S.C. §  1257 which provides that, with the exception of habeas corpus, federal

review of final state court judgments is available only in the United States Supreme

Court.  *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *District of

Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, 486 (1983).  Though

conceding that the plaintiff's complaint "does not expressly request" federal review

22

of the state court judgment, the defendants contend the plaintiff effectively seeks

federal appellate review and reversal of the state court's custody determination.

The plaintiff's complaint is replete with allegations complaining that the state-court

proceedings violated her rights protected under the Constitution, federal law, and

state law.  Indeed, her complaint focuses principally on the different state-court

proceedings and the harm resulting from the different rulings.  The plaintiff's action

would not have been the same in the absence of the state-court custody

determinations, and her request for declaratory and injunctive relief essentially seek

to "undo the [state-court] judgment."  *Exxon Mobil Corp. v. Saudi Basic Indus.*

*Corp.*, 544 U.S. ___, 125 S. Ct. 1517, 1527 (2005); *Bolden v. City of Topeka,*

*Kan.*, 441 F.3d 1129, 1145 (10th Cir. 2006).  This claim for declaratory and

injunctive relief is barred by the *Rooker-Feldman* doctrine.  The granting of such

relief in an ongoing state child custody dispute would also violate the *Younger*

doctrine.  *See Younger v. Harris*, 401 U.S. 37 (1971); *Leonoff v. Oklahoma*, 60

Fed. Appx. 233, 235-36, 2003 WL 1153309 (10th Cir. 2003).

**MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11 (Dk. 26)**

The defendants Keller, Smith-Wilson and Phillips have filed this

motion after complying with the procedural requirements of Fed. R. Civ. P. 11(c).

They seek sanctions contending that the plaintiff's complaint includes claims which

are not warranted by existing law or by a non-frivolous argument for extending the

law and that the plaintiff filed the claims for the purpose of harassing the

defendants.  The defendants base their motion on:  (1) the plaintiff's failure to

follow the procedural requirements for an action under the False Claims Act; (2) the

plaintiff's claims based on alleged violations of federal criminal statutes; (3) the

plaintiff's failure to allege any racial or class-based discriminatory animus on the §§

1981, 1982 and 1985 claims; (4) the plaintiff's prayer for relief essentially seeking

federal review of the state family court proceedings and the reversal of the orders

entered therein; and (5) the plaintiff's failure to recognize these legal deficiencies as

exposed by the defendant Coxe's earlier motion to dismiss and as adjudicated in

the decisions of the district court and the Tenth Circuit rendered in *Price v.*

*McFarland*, No. 04-4058, 2004 WL 3171649 (D. Kan. Sept. 22, 2004), and No.

04-3372, 133 Fed. Appx. 485, 2005 WL 1231924 (10th Cir. May 25, 2005).  The

plaintiff responds summarily denying the legal problems with her claims and then

denying involvement in the *Price* litigation.

       "By presenting to the court . . . a pleading, . . ., an attorney or

unrepresented party is certifying that to the best of the person's knowledge,

information, and belief, formed after an inquiry reasonable under the

circumstances," the pleading "is not being presented for any improper purpose,

such as to harass . . ." and the claims in the pleading "are warranted by existing law or by a nonfrivolous argument for" the law to be changed.  Fed. R. Civ. P. 11(b)(1) and (2).  Thus, pro se parties are subject to the same Rule 11 provisions as parties represented by attorneys.  *See Business Guides, Inc. v. Chromatic Communications Enter., Inc.*, 498 U.S. 533, 544-45 (1991) (explaining that Rule 11 applies both to parties who are represented by counsel and to pro se parties as well); *Trierweiler v. Croxton and Trench Holding Corp.*, 90 F.3d 1523, 1540 (10th Cir. 1996) (same).  The certification standard is objective reasonableness under the circumstances.  *Business Guides*, 498 U.S. at 551; *see Adamson v. Bowen*, 855 F.2d 668, 673 (10th Cir. 1988).  Rule 11 imposes on those signing a pleading, including a pro se litigant, "an affirmative duty to conduct a reasonable inquiry into the facts and law before filing, and that the applicable standard is one of reasonableness under the circumstances."  *Id*.  Though what is objectively reasonable for a pro se litigant, considering training and resources, typically differs from what is objectively reasonable for an attorney, the affirmative duty exists for both.  Under the reasonableness standard, a court has the discretion to account for "the special circumstances that often arise in pro se situations."  Fed. R. Civ. P. 11 advisory committee's notes to the 1983 amendments.  Indeed, what is objectively reasonable for a pro se litigant may well vary by case based on such factors as the

litigant's experience and sophistication. *cf. Business Guides,* 498 U.S. at 550.

The instant action is the third federal lawsuit in this district over the last two years in which Ms. King has appeared as a party. The first case, *King v. Knoll*, No. 04-4149-JAR, was a civil action commenced in state court but removed to federal court in which Ms. King sued the City of Topeka and two of its assistant attorneys for maliciously prosecuting her on a traffic citation in violation of 42 U.S.C. § 1983 and for conspiring to intimidate her in violation of 42 U.S.C. §§ 1985 and 1986. From the district court's order granting the defendants' summary judgment motion, Ms. King should have learned that claims under § 1985 require allegations and proof of a class-based or racially discriminatory animus and that allegations of a conspiracy which are conclusory and lack factual detail will not state a claim under § 1985. *King v. Knoll*, 399 F. Supp. 2d 1169, 1179-80 (D. Kan. 2005).

The second case, *In re Marriage of King v. Ziegler*, No. 04-4158-SAC, Ms. King tried to remove the same family court proceeding that is at issue here and named as third party defendants: two judges, an administrative hearing officer, and a court services officer with the District Court of Shawnee County, Kansas. In a supporting motion, Ms. King fleshed out her federal action complaining about state court rulings on custody and child support, about the

26

supervision given by a court services officer, and about Steve Phillip's appearance

in opposing her subpoenas.  As in the instant case, Ms. King argued that she did

not want the court to modify the state court rulings but only wanted her rights

vindicated, damages, her custody of her children restored, and the enforcement of

the child support payments against her former spouse.  The federal district court

remanded the case for lack of jurisdiction and for failure to follow the removal

procedures and ordered Ms. King to pay $200 to the opposing counsel for fees

and costs for "defending this frivolous removal litigation."  *In re Marriage of King*

*v. Ziegler*, 2004 WL 3037968 (D. Kan. Dec. 16, 2004), *aff'd*, 138 Fed. Appx. 60

(10th Cir. 2005).  From this case, Ms. King should have learned that she faces a

difficult burden of alleging federal jurisdiction over matters directly involving a state

family court proceeding, that federal jurisdiction statutes are replete with specific

procedural requirements, and that these jurisdiction statutes typically have been

construed narrowly by the courts.

> As fully discussed above in this order and based on the plaintiff's

knowledge from prior litigation, it was not objectively reasonable for the plaintiff to

file pro se claims under the False Claims Act without following the express pleading

requirements for such claims or under 42 U.S.C. § 1985 without alleging racial or

class-based discriminatory animus.  Nor was it objectively reasonable for the

plaintiff to include conclusory allegations about a conspiracy and to include a

prayer for relief that would essentially undo the state custody orders and restore

sole custody of a minor child to her.  In her filings opposing the motions to

dismiss, the plaintiff displays some basic knowledge of legal research and

precedent, and in doing so, she also shows herself predisposed to ignore the

controlling legal precedent in favor of *ad hominem* attacks[3] and frivolous

arguments[4] that are contrary either to the actual allegations in her complaint or to the

law as she should know it.  From these circumstances and from the plaintiff's

repeated filings for injunctive relief and the amended complaint in this case[5], the

_____

[3]"As to Defendants' #9, King would ask Defendant Cooper to use a
different web site, or get a new law book, as 42 USC § 1985 is not a race or class-
based discrimination statute . . . ."  (Dk. 29, p. 3).

[4]"Relator's Counts III, V, VI, VII, VIII, and IX fall under the provisions of
the Whistle Blower's Act . . . ."  (Dk. 12, p. 8).  "This action is in RICO fashion,
though not a RICO . . . ."  (Dk. 28, p. 2).  "Again, no statute is governed and
restricted to 'Race' alone, therefore, this argument fails as moot."  (Dk. 28, p. 3).

[5]Shortly after filing this action, the plaintiff asked for an emergency request
for a restraining order against Amanda Smith-Wilson because the plaintiff disagreed
with Ms. Smith-Wilson's recent custody recommendations.  (Dk. 7).  The plaintiff
filed another emergency motion seeking to enjoin the defendant court service
officers from influencing or being involved in her custody proceeding.  (Dk. 31).
The plaintiff filed a third request for a preliminary injunction based in part on more
comments and involvement of court service officers in the state custody
proceeding.  (Dk. 37).  After receiving the Rule 11 motion from the defendants'
counsel, David Cooper, the plaintiff immediately amended her complaint adding
Mr. Cooper as a defendant alleging his role in pursuing a Rule 11 motion was

plaintiff brought this action in order to harass the defendants for having opposed her interests in the state family court proceeding.  The court finds that the plaintiff has violated Rule 11 in filing the complaint with claims that were not warranted by existing law or any nonfrivolous argument for extending the law.

A sanction under Rule 11 "shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Fed. R. Civ. P.  11(c)(2).  The movants seek as sanctions their fees and costs in defending this action.  After taking into consideration the plaintiff's *in forma pauperis* filing of this action and the court's award of fees and costs in Ms. King's earlier attempt to litigate this family court proceeding in federal court, the court finds a monetary payment of $400 to the movants is a reasonable and appropriate sanction that should be sufficient to deter the plaintiff from pursuing federal claims that are not warranted by existing law and that should offset some of the movant's attorney's fees and costs incurred as a result of this Rule 11 violation.

**REQUEST FOR PRELIMINARY INJUNCTION  (Dk. 37)**

The plaintiff files yet another request for a preliminary injunction complaining about more recommendations and involvement from court services

---

unlawful retaliation against the plaintiff.  (Dk. 21).  These filings confirm the plaintiff's motive of harassment behind her federal litigation.

officers in the state family court proceeding and about Steve Phillips' recent filing of quo warranto proceeding in the Kansas Supreme Court against the defendant and others to enjoin them from engaging in the unauthorized practice of law.  This request is summarily denied for the same reasons her earlier requests for injunctive relief were denied and for the reasons given here in granting the defendants' motions to dismiss.

IT IS THEREFORE ORDERED that the defendant Susanna VanGelder Coxe's motion to dismiss or, in the alternative, for judgment on the pleadings (Dk. 10) is granted;

IT IS FURTHER ORDERED that the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6) and 28 U.S.C. § 1915(e)(2)(B)(i) brought by the defendants Sherri Keller, Amanda Smith-Wilson and Steve Phillips (Dk. 23) is granted;

IT IS FURTHER ORDERED that the defendant David R. Cooper's motion to dismiss pursuant to Fed. R. Civ. P.  12(b)(6) and pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) (Dk. 33) is granted;

IT IS FURTHER ORDERED that the motion for sanctions pursuant to Fed. R. Civ. P. 11 filed by the defendants Sherri Keller, Amanda Smith-Wilson and Steve Phillips (Dk. 26) is granted, and the plaintiff Janice Lynn King shall pay

$400 to Sherri Keller, Amanda Smith-Wilson and Steve Phillips to offset some of the attorneys' fees and expenses incurred as a result of the plaintiff's Rule 11 violation;

IT IS FURTHER ORDERED that the plaintiff's request for preliminary injunction (Dk. 37) is denied.

Dated this 30th day of May, 2006, Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge